IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES BLACK,

    Plaintiff,

        v.

CENTURION CAPITAL
CORPORATION,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-0597-TWT

ORDER

This is an action under the Fair Debt Collection Practices Act.  It is before the

Court on Defendant Wolpoff & Abramson, LLP's Motion to Dismiss [Doc. 33].  For

the reasons set forth below, the Defendant's motion is GRANTED.

I. BACKGROUND

This claim arises out of debt collection activities initiated against the Plaintiff,

James T. Black, Jr., by Defendants Centurion Capital Corp. ("Centurion"), Wolpoff

& Abramson, LLP ("W&A"), and the Law Offices of Ross Gelfand, LLC.  The

Plaintiff alleges that Defendant Centurion purchased credit card debt of James M.

Black and forwarded it to "W&A and/or Gelfand" for collection.  (First Am. Compl.,

¶ 11.)  On October 10, 2005, Gelfand filed a lawsuit in the State Court of Gwinnett

County, Georgia against the Plaintiff, a different James Black.  The State Court Complaint demanded that the Plaintiff pay the balance of the credit card debt.  The Plaintiff hired an attorney to defend the case, and it was dismissed.

On March 14, 2006, the Plaintiff filed this lawsuit against Defendant Centurion alleging several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  He then amended his complaint on September 5, 2006, to include W&A and Gelfand.  Defendant W&A now moves to dismiss the claims against it.

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept all facts well pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Maggio v. Sipple, 211 F.3d 1346, 1350 (11th Cir. 2000); Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082

(1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  A complaint must set forth, however, a cause of action sufficient to show affirmatively that a plaintiff is entitled to relief.  Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984).

### III. DISCUSSION

Defendant W&A contends that the Plaintiff has failed to allege any FDCPA violations against it sufficient to survive a motion to dismiss.  It argues that the First Amended Complaint's allegations constitute only "bald legal conclusions devoid of any factual underpinning."  (Def.'s Mot. to Dis., at 2.)  The Plaintiff has brought claims under 15 U.S.C. §§ 1692e, 1692f, and 1692g.  The Court will address the sufficiency of each of these claims separately.

### A. 15 U.S.C. § 1692e – False or Misleading Representations

Section 1692e prohibits a debt collector from making any false, deceptive or misleading representations in connection with the collection of a debt. The Plaintiff argues that W&A violated this provision by filing the State Court Complaint, in which it made allegedly false, deceptive, or misleading representations and attempted to collect monies not legally owed. (First Am. Compl., ¶¶ 26, 30, 34.)  W&A contends, however, that it cannot be held liable based on these allegations because its name does

not appear on the State Court Complaint and it did not participate in any manner in the state court proceeding.

In response, the Plaintiff cites to discovery interrogatories submitted by Defendant Centurion and Gelfand in their Answers. Both led the Plaintiff to believe that W&A was liable for the alleged FDCPA violations. These documents, however, are not referenced in the First Amended Complaint and thus cannot be considered by this Court. See Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256, 1266 (11th Cir. 1997) ("Under 12(b)(6), whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint"); see also Gould v. Case Western Reserve University, 369 F. Supp. 2d 915, 917 (N.D. Ohio 2005) ("A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements") (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988)); Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D. D.C. 2002) ("[T]he Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint."). The only allegation in the Amended Complaint that in any way implicates W&A is insufficient to show that the Defendant was involved in any way in the state court proceeding. Dismissal of this claim is thus warranted.

B. <u>15 U.S.C. § 1692f – Unfair Practices</u>

15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means in attempting to collect a debt.  The statute includes eight subsections providing specific conduct that violates this section, but does not limit the application of this law to these provisions.  Here, the Plaintiff alleges only that the State Court Complaint was unfairly filed by Defendant Gelfand at the request of Defendants Centurion and W&A.  (First Am. Compl., ¶ 12.)  As discussed above, however, the First Amended Complaint fails to allege that W&A was either counsel in the state court action or the attorney who maintained the action on behalf of Centurion.  The Plaintiff has thus failed to assert any factual allegations connecting W&A to this matter in any way.  This claim should be dismissed.

C. <u>15 U.S.C. § 1692g – Validation of Debts</u>

Section 1692g provides the requirements a debt collector must follow in the validation of a debt.  First, the statute mandates that within five days after he makes initial contact with a consumer, the debt collector must send to the consumer written notice of that debt.  15 U.S.C. § 1692g(a).  Second, following the receipt of this notice, the consumer has 30 days in which to notify the debt collector that he contests this debt.  15 U.S.C. § 1692g(b).  If the consumer does so, the debt collector must

cease all debt collection activities until he obtains verification of the debt and mails a copy to the consumer.

Here, the Plaintiff has failed sufficiently to plead a violation of this section. Indeed, the First Amended Complaint does not allege that Defendant W&A communicated in any way with the Plaintiff.  He alleges only that he should have been provided with notice because "[i]n the State Court Complaint, defendants alleged that it had demanded plaintiff to pay the balance of [the credit card], but that plaintiff had failed and refused to pay."  (First Am. Compl., ¶ 20.)  The First Amended Complaint thus fails to connect W&A to any statements that would trigger its obligation under this provision.  This claim similarly merits dismissal.

## IV. CONCLUSION

For the reasons set forth above, Defendant W&A's Motion to Dismiss [Doc. 33] is GRANTED.  These claims are dismissed without prejudice.  The Plaintiff's request for leave to amend is granted.  The Plaintiff has 10 days from the docketing of this Order to file an amended complaint with specific factual allegations that connect the Defendant W & A to the alleged violations of the Act.

SO ORDERED, this 3 day of January 2007.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge